# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANTHONY KING, Inmate #10340-045, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | )   CIVIL NO. 04-184-JPG |
| | ) |
| DARLENE VELTRI, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Petitioner, an inmate in the Federal Correctional Institution in Greenville, Illinois, brings this habeas corpus action pursuant to 28 U.S.C. § 2241. In his petition, Petitioner indicates that he was convicted in May 1999 of knowingly possessing a firearm with a removed or obliterated serial number which at one time had traveled in interstate commerce in the Western District of Missouri and was sentenced to 130 months imprisonment. His sentence was affirmed by the Court of Appeals for the Eighth Circuit in September 2000. Petitioner sought and was denied habeas corpus relief in the sentencing court pursuant to 28 U.S.C. § 2255 in January 2002. Petitioner now brings this action pursuant to Section 2241 seeking release from federal custody.

Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas

corpus cases. After carefully reviewing the petition in the present case, the Court concludes that Petitioner is not entitled to relief, and the petition must be dismissed.

Normally a person in federal custody may challenge his conviction *only* by means of a motion brought before the sentencing court pursuant to 28 U.S.C. § 2255. In certain cases, a prisoner may use the general habeas statute, 28 U.S.C. § 2241, to obtain relief, but this method is generally limited to challenges to the execution of the sentence. *Valona v. United States,* 138 F.3d 693, 694 (7th Cir. 1998); *Atehortua v. Kindt,* 951 F.2d 126, 129 (7th Cir. 1991). Section 2241 may not be used as a substitute for Section 2255 where a Petitioner has already sought but been denied relief under Section 2255, or where Petitioner no longer has an opportunity to seek relief under Section 2255 because of the Section's one-year period of limitation. *See e.g. Cooper v. United States*, 199 F.3d 898, 901 (7th Cir. 1999).

A petition challenging the conviction *may* be brought pursuant to 28 U.S.C. § 2241 where the remedy provided by 28 U.S.C. § 2255 is inadequate or ineffective. However, the fact that Petitioner may be barred from bringing a Section 2255 petition is not, in itself, sufficient to render it an inadequate remedy. *In re Davenport,* 147 F.3d 605, 609-10 (7th Cir. 1998) (§ 2255 limitation on filing successive motions does not render it an inadequate remedy for a prisoner who had filed a prior Section 2255 motion). Further, "[f]ailure to comply with the requirements of the § 2255 statute of limitations is not what Congress meant when it spoke of the remedies being 'inadequate or ineffective to test the legality of his detention.'" *Montenegro v. U.S.*, 248 F.3d 585 (7th Cir. 2001), *overruled on other grounds*, *Ashley v. United States*, 266 F.3d 671 (7th Cir. 2001).[1] *See also*

---

[1] *Ashley* overruled only Part III of *Montenegro*. *Ashley* held that a decision that a right initially recognized by Supreme Court is retroactively applicable to cases on collateral review, as will begin one-year limitations period under Antiterrorism and Effective Death Penalty Act (AEDPA), can be made by a Court of Appeals or a district court, as well as by Supreme Court. *Ashley*, 266 F.3d at 674.

*Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir. 2000) ("Neither will a claim of procedural bar suffice to demonstrate that Section 2255 relief is inadequate or ineffective."); *United States v. Barrett*, 178 F.3d 34, 49- 50 (1st Cir. 1999), *cert. denied*, 528 U.S. 1176 (2000); *Triestman v. United States*, 124 F.3d 361, 376 (2d Cir. 1997) (noting that Section 2255's substantive and procedural barriers by themselves do not establish that Section 2255 is inadequate or ineffective); *In re Dorsainvil*, 119 F.3d 245, 251 (3d Cir. 1997). Instead, a petitioner under Section 2241 must demonstrate the inability of a Section 2255 motion to cure the defect in the conviction.

In *Davenport*, the Seventh Circuit considered the meaning of "inadequacy" for purposes of § 2255. The Circuit stated that "[a] procedure for post-conviction relief can fairly be termed inadequate when it is so configured as to deny a convicted defendant any opportunity for judicial rectification of so fundamental a defect in his conviction as ***having been imprisoned for a nonexistent offense***." *Davenport,* 147 F.3d at 611 (emphasis added).

> Every court that has addressed the matter has held that § 2255 is "inadequate or ineffective" only when a structural problem in § 2255 forecloses even one round of effective collateral review – and then only when as in *Davenport* the claim being foreclosed is one of actual innocence. *See, e.g., Cradle v. United States ex rel. Miner*, 290 F.3d 536, 538-39 (3d Cir. 2002); *In re Jones*, 226 F.3d 328, 333-34 (4th Cir. 2000); *Reyes-Requena v. United States*, 243 F.3d 893, 902-03 (5th Cir. 2001); *United States v. Peterman*, 249 F.3d 458, 462 (6th Cir. 2001); *Wofford v. Scott*, 177 F.3d 1236, 1244 (11th Cir. 1999).

*Taylor v. Gilkey*, 314 F.3d 832 ,835-36 (7th Cir. 2002).

When, then, may a petitioner successfully argue that he is "actually innocent" under *Davenport*? The Seventh Circuit recently clarified this standard, stating that "actual innocence" is established when a petitioner can "admit everything charged in [the] indictment, but the conduct no longer amount[s] to a crime under the statutes (as correctly understood)." *Kramer v. Olson*, 347 F.3d 214, 218 (7th Cir. 2003).

Such is not the case here.  Petitioner does not suggest that the charged conduct is no longer a crime.  Accordingly, Petitioner cannot obtain the relief he desires through § 2241.

Therefore, this action is summarily **DISMISSED** with prejudice.  All pending motions are **DENIED** as moot.

**IT IS SO ORDERED.**

**Dated: August 12, 2005**

                                            **s/ J. Phil Gilbert**
                                            **U. S. District Judge**